STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO.: BCD-CV-2019-26

WHITE RABBIT, LLC,                      )
                                        )
            Plaintiff                   )
                                        )
v.                                      )
                                        )        ORDER GRANTING PLAINTIFF'S
CLAUDIA RAESSLER                        )        MOTION FOR ATTACHMENT AND
                                        )        TRUSTEE PROCESS AGAINST CLAUDIA
and                                     )        RAESSLER AND KENNETH RAESSLER
                                        )
KENNETH RAESSLER                        )
                                        )
            Defendants                  )
                                        )

On February 22, 2019, Plaintiff White Rabbit, LLC (the "Company") filed a Verified Complaint with Exhibits against Defendants Claudia Raessler and Kenneth Raessler (the "Raesslers") for breach of the guaranty the Raesslers gave in connection with a commercial lease. At the same time, White Rabbit filed a Motion for Attachment and Trustee Process (the "Motion") against the Raesslers in the amount of $151,164.51, for unpaid rent, operating and maintenance expenses, tax and insurance costs above the base ("T&I"), and other expenses.[1] The Raesslers opposed the Motion with a bare bone, minimal Opposition, which failed to controvert any of White Rabbit's core allegations. Oral argument was held on June 3, 2019, at which White Rabbit was represent by attorney Glenn Israel, Esq., and the Raesslers were represented by attorney Claudia Raessler, Esq.

---

[1] In the final four sentences of its Reply brief, White Rabbit attempted to amend its Motion by seeking an attachment in the significantly increased amount of $612,509. The Court does not recognize this procedural gambit as having actually amended White Rabbit's Motion, and if it had succeeded in amending the Motion, the Court would deny the Motion for Attachment because on the current record White Rabbit has not established it is more likely than not to recover a judgment against the Raesslers in an amount equal to or greater than $612,509 (primarily due to questions regarding mitigation of damages).

At oral argument, the Raesslers argued that Exhibit 4 to the Verified Complaint is full of errors, but they did provide any specific rebuttal (other than generalized argument).[2] The Raesslers also argued in their Opposition and at oral argument that the term "CAMS" does not appear in the lease, and thus the amount attributed to CAMS cannot be added to the amounts White Rabbit claims are in default. As White Rabbit explained in its Reply and in the Affidavit of Kevin Bunker, the term "CAMS" simply refers to the amounts due as "Additional Rent" under the lease, such as operating and maintenance expenses, along with T&I and other costs.

Accordingly, based on the Motion and accompanying papers, including the Verified Complaint and Exhibits thereto, as well as oral argument provided at the hearing, the Court concludes it is more likely than not that White Rabbit will (1) succeed on the merits of its claims against Defendant Claudia Raessler and (2) recover a judgment against said Defendant, including interests and costs in an amount equal to or greater than $156,16451. *See* M.R. Civ. P. 4A. The Court further concludes it is more likely than not that White Rabbit will (1) succeed on the merits of its claims against Defendant Kenneth Raessler and (2) recover a judgment against said Defendant, including interests and costs in an amount equal to or greater than $156,164.51. *See* M.R. Civ. P. 4A.

The Court further finds that there has been no evidence presented or presently

---

[2] Minutes before the start of oral argument, the Raesslers filed a document entitled Defendants' Motion for Leave to Amend Answer to Plaintitff's Verified Complaint. At oral argument the Raesslers argued that their just-filed motion was relevant to, and should be considered as part of, the oral argument. White Rabbit objected, and indicated that it may oppose the motion. Given the untimeliness of Defendants' motion in relation to the Motion for Attachment, and the fact that White Rabbit had no time to consider or oppose the motion, the Court does not consider the motion in deciding the Motion for Attachment. Further, the Court is unwilling to delay decision on the Motion for Attachment, which has been pending for months, in order to wait for briefing on Defendants' Motion for Leave to Amend. In any event, the Raesslers made arguments at oral argument apparently based on the contents of their motion, and the Court has considered and rejected those arguments in reaching its decision on the Motion for Attachment.

known of any value in any liability insurance, bond, or other security other property or credits attached by other writ of attachment or trustee process to satisfy any judgment against either of the Defendants in this action.

It is hereby ORDERED that attachment, including attachment on trustee process, maybe had against the real personal property of Defendant **Claudia Raessler** in the amount of **$156,164.51**. It is hereby also ORDERED that attachment, including attachment on trustee process, maybe had against the real personal property of Defendant **Kenneth Raessler** in the amount of **$156,164.51**.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED.


Dated:  June 3, 2019 　　　　　　　　　　　　　　　/s

Judge M. Duddy,
Business and Consumer Court